IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> -vs- ) <br> ) <br> MICHAEL THOMAS, ) <br> ) <br> Defendant. ) | Criminal No. 05-93-3 <br><br> Civil No. 07-75 |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

In this criminal action, on September 26, 2005, Defendant pleaded guilty to violations of 21 U.S.C. § 846 and 18 U.S.C. § 924(c), and was later sentenced to 180 months of incarceration. Now before the Court is Defendant's Motion for habeas relief pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. In response, the Government contends that Defendant waived his right to mount a collateral attack.

For the following reasons, I agree with the Government, and Defendant's Motion will be denied.

### I. APPLICABLE STANDARDS

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 2004 U.S. App. LEXIS 5692, at *4

(3d Cir. Mar. 26, 2004). With respect to a claim for ineffective assistance of counsel, a hearing is required unless it is indisputable that counsel's conduct satisfied applicable standards. United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005). Under these standards, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 ( 1962).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998 ). I will consider Defendant's Motion according to these standards.

## II. DEFENDANT'S MOTION

Defendant claims that his counsel was ineffective in two respects: 1) in failing to research law relating to defenses to the gun charge; and 2) in dealing with the Government's evidence of the amount and type of drugs involved in the case.

In this case, Defendant entered into a Plea Agreement that read, in pertinent part, as follows:

> Michael Thomas…waives his right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

The Plea Agreement further contained a stipulation that six kilograms of cocaine would be attributable to Defendant for sentencing purposes.

Additionally, in Defendant's Section 2255 Motion, he states that he failed to appeal because he understood that he had waived that right through his plea.

Generally, waivers of the right to appeal and collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Whitaker, No. 02-90-03, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005). Claims challenging the voluntariness of the waiver, or the effectiveness of counsel with respect to the waiver, however, may survive. Whitaker, 2005 U.S. Dist. LEXIS at **5-6. Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. United States v. Fagan, No. 04-2176, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004).

In this case, Defendant does not make any substantive claim that relates directly to the negotiation of the waiver at issue; nor does he aver that the waiver of his collateral attack rights in particular was involuntary or unknowing. Therefore, I cannot invalidate the waiver on those grounds.

In addition to resting on grounds of unknowing and involuntary waiver, a court may invalidate a waiver if its enforcement works a "miscarriage of

justice." Khattak, 273 F.3d at 558. In order to determine whether enforcing a waiver will result in a miscarriage of justice, a court may consider "the clarity of the error, its gravity, its character (e.g. whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 563.

Moreover, Defendant has failed to establish that the waiver should be invalidated as a miscarriage of justice under Khattak. Considering the clarity of the alleged errors does not weigh in his favor. The criminal complaint filed against Defendant demonstrated the Government's intention to proffer evidence that Defendant had paid another man to pick up and transport to Defendant six kilograms of cocaine. It further recites evidence that Defendant was in possession of a handgun during a controlled delivery of the drugs. Defendant seems to suggest that his firearm permit, or the fact that he voluntarily surrendered the firearm to arresting officers, would vitiate the elements of § 924(c)(1)(A). Instead, the facts proffered by the Government could support a finding that the firearm bore the statutorily required relationship to the drug offense.[1]  See, e.g., United States v. Lomax, 293 F.3d 701, 706 (4th Cir. 2002). A nonexistent or questionable error cannot be of sufficient gravity, character, or impact to count in favor of quashing a waiver.

---

[1] Section 924(c)(1)(A) applies to "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."

Finally, Defendant does not suggest that he failed to acquiesce in the waiver at issue; indeed, his understanding of the waiver of appeals rights suggests to the contrary.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

### CONCLUSION

In sum, I will deny Defendant's Motion, because he has waived his right to collateral attack. Moreover, a certificate of appealability will not issue. An appropriate Order follows.

### ORDER

AND NOW, this **17th** day of September, 2007, it is ORDERED that Defendant's Motion to Vacate (Docket No. [97]) is DENIED. No certificate of appealability shall issue. This case is closed forthwith.

BY THE COURT:

/S/   Donetta W. Ambrose
Donetta W. Ambrose,
Chief U. S. District Judge